IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

TRUE THE VOTE, INC. in its )
individual, corporate capacity, and )
PAMELA WOHLSCHLEGEL, )
 )
        Plaintiffs, )
 )   Case No. 2:13cv14046-LYNCH
v. )
 )
GERTRUDE WALKER, St. Lucie )
County Supervisor of Elections, in )
her official capacity, )
 )
        Defendant. )
_____/

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND SUPPORTING MEMORANDUM OF LAW**

    Defendant GERTRUDE WALKER, St. Lucie County Supervisor of Elections, in her official capacity, through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(c) & 12(h)(2)(b), hereby moves this Court for an order entering judgment on the pleadings in favor of Defendant, and states in support the following:

1.    On February 3, 2013, Plaintiffs filed their complaint in this matter, attempting to plead three causes of action.

2.    Plaintiffs' complaint seeks injunctive and declaratory relief to remedy Defendant's putative violation of 42 U.S.C. §1974. Complaint at ¶50. Because 42 U.S.C. §1974 provides for no private right of action to enforce its requirements, this Court should enter judgment on the pleadings in favor of Defendant.

1

3.      Plaintiffs' complaint seeks injunctive and declaratory relief to remedy Defendant's alleged violation of Section 8 of the National Voter Registration Act of 1993 ("NVRA), 42 U.S.C. §1973gg-6.  Complaint at ¶40.  Plaintiffs, however, have failed to satisfy the notice requirements which are prerequisite to establishing standing to bring a private right of action under the NVRA.  42 U.S.C. §1973gg-9(b).  This failure leaves Plaintiffs without statutory standing to bring this claim, and this Court should enter judgment on the pleadings in favor of Defendant.

4.      Furthermore, Plaintiffs' action under U.S.C. §1973gg-6 fails to join a required party pursuant to Fed. R. Civ. P. 19.  Any private action seeking to enforce the NVRA must include as a Defendant the chief election official of the State in question.  In Florida, this official is the Secretary of State, designated as such by Fla. Stat. §97.012.  If this Court does not enter judgment on the pleadings in favor of Defendant as requested in ¶¶2-3 of this Motion, this Court should require joinder of the Florida Secretary of State as a defendant.  If joinder is deemed not feasible, this Court should enter judgment on the pleadings in favor of Defendant.  Fed R. Civ. P. 19(b); Fed. R. Civ. P. 12(h)(2).

5.      Plaintiffs' remaining cause of action seeks declaratory and injunctive relief to remedy Defendant's alleged violation of Article I, section 24 of the Florida Constitution, and chapter 119 of the Florida Statutes.  Complaint at ¶45.  After having entered judgment on the pleadings in favor of Defendant on Plaintiffs' two causes of action allegedly arising under federal law, this Court will no longer have subject-matter jurisdiction over Plaintiffs' state law claims.  Therefore, this Court should enter judgment on the pleadings in favor of Defendant.  Fed. R. Civ. P. 12(h)(3).

**MEMORANDUM OF LAW**

6.      "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Where, as in the instant case, a plaintiff "would not be entitled to relief under any set of facts that could be proved consistent with the allegations," judgment on the pleadings is appropriate. *Id*. (citing *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999)).

**I.      CONGRESS PROVIDED FOR NO PRIVATE RIGHT OF ACTION UNDER 42 U.S.C. §1974**

7.      Title III of the Civil Rights Act of 1960, codified as 42 U.S.C. §1974, requires election officials to preserve certain election records for a period of 22 months. In their Complaint, Plaintiffs do not allege any specific violation of this statute, instead attempting to plead a cause of action alleging Defendant has failed to grant access to these records. Complaint at ¶51.

8.      In her Answer, Defendant asserted that her office had, at all times material, complied with the retention requirements of state and federal law, including 42 U.S.C. §1974, and that these records were and are available for inspection by Plaintiffs (and any other parties) at any time. Answer at ¶¶52-57.

9.      Even if, *arguendo*, Defendant had not so complied, Plaintiffs lack statutory standing to bring a cause of action under 42 U.S.C. §1974. A reading of the plain language of this statute makes clear that the only mechanism to enforce its mandates is a demand for inspection or

production issued by the Attorney General or his representative, over which the applicable District Court retains jurisdiction. 42 U.S.C. §1974(b) & (d).

10. The statute provides for no private right of action. Had Congress wished to provide for a private right of action, it presumably would have done so via the language and procedures set forth in the NVRA (see below) or any number of other federal statutes.

11. The argument that Congress's plain language in drafting 42 U.S.C. §1974 masks an implied private right of action has been rejected in federal court. In *Bursey v. S. Carolina State Election Comm'n*, the district court for the district of South Carolina, reviewing the text of the statute, found without equivocation that "[t]he statute explicitly gives the Attorney General the right to inspect these records in an effort to determine compliance. No other remedies or right to review and inspect are mentioned in the statute." *Bursey*, Case No. 3:10-1545-CMC (D. S.C. Oct. 4, 2010) (internal citation omitted). The court then rejected on several grounds the plaintiff's argument that, per the test set forth by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975), a private right of action to enforce Section 1974 should be implied. *Id*.

12. Congress provided for no private right of action in enacting 42 U.S.C. §1974. This Court should, therefore, enter judgment on the pleadings in favor of Defendant on Plaintiffs' complaint seeking relief thereunder.

II. **PLAINTIFFS LACK STATUTORY STANDING TO BRING SUIT UNDER THE NVRA**

13. Unlike 42 U.S.C. §1974, the NVRA does provide for a private right of action in addition to enforcement actions brought by the Attorney General. However, private standing attaches only after a private actor complies with certain notice requirements set forth in the NVRA itself.

42 U.S.C. §1973gg-9(b). This subsection, comprising Section 11 of the NVRA, reads in relevant part:

> (b) Private right of action
>
> (1) A person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the State involved.
>
> (2) If the violation is not corrected within 90 days after receipt of a notice under paragraph (1), or within 20 days after receipt of the notice if the violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation.
>
> (3) If the violation occurred within 30 days before the date of an election for Federal office, the aggrieved person need not provide notice to the chief election official of the State under paragraph (1) before bringing a civil action under paragraph (2).

14. This notice provision is not advisory or discretionary. It is a mandatory requirement without which a private party lacks standing, under the statute itself, to bring suit. *See Ga. State Conference of NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012) ("The plain language of Section 11 of the NVRA makes clear that pre-litigation notice is required. It confers standing on an [sic] party aggrieved only if the violation is not corrected within 90 days after receipt of a notice under paragraph (1).") (internal citations and quotation omitted). *See also Broyles v. Texas*, 618 F. Supp. 2d 661, 692 (S.D. Tex. 2009).

15. Plaintiffs' complaint makes no allegations concerning pre-election NVRA violations purportedly committed by Defendant. By the complaint's own reckoning, the predicate for Plaintiffs' causes of action was Defendant's alleged post-election failure to allow the inspection or reproduction of various election records. Complaint at ¶26. The NVRA's notice requirement therefore mandates a 90-day notice period prior to commencing litigation. 42 U.S.C. §1973gg-9(b).

16.     In their complaint, Plaintiffs note nearly in passing that "Plaintiffs also provided the Defendant notice that if an inspection was not forthcoming, that Plaintiffs would bring an action under Section 8 of the NVRA." Complaint at ¶26. While Defendant denied this allegation in her Answer, Plaintiffs' complaint fails to satisfy the NVRA's notice requirement even if this allegation taken as true. Plaintiffs failed to plead explicitly that statutory notice had been effected, likely because Plaintiffs noticed the incorrect party pursuant to the statute (see below), and because Plaintiffs sent the referenced notice to Defendant on December 18, 2012—more than 40 days short of the 90-day advance notice required by the NVRA.

17.     Plaintiffs' failure to provide proper notice under the NVRA has real, tangible repercussions in this case. In her affirmative defense to Plaintiffs' complaint, Defendant asserts that her office was prepared for Plaintiff True the Vote to visit to inspect the requested records on January 28, 2013, and that when this date passed, her office tried without result to contact True the Vote to inquire about the missed visit. Answer at ¶¶52-54. Plaintiffs filed suit less than a week later. With the additional 40 days of the notice period required by Section 11, the parties would have been likely to reschedule the proposed visit, producing the result sought by Plaintiffs without occupying the time and resources of the parties or the Court. Facilitating such communication is among the very purposes of the notice requirement. *NAACP v. Kemp*, 841 F. Supp. 2d at 1335; *see also Nat'l Council of La Raza v. Miller*, Case No. 3:12-cv-316-RCJ-VP (D. Nev. Dec. 19, 2012).[1]

19.     Section 11 of the NVRA requires actual notice of an alleged violation. Plaintiffs' complaint fails to allege even constructive notice for a period of 90 days predating the filing of

---

[1] While the repercussions of Plaintiffs' notice failure are illustrative, they are not necessary to prove a violation of the NVRA's notice requirement. The requirement is mandatory, regardless of the potential effectiveness or futility in facilitating a settlement of the dispute giving rise to the notice.

the complaint in this case.[2] No other party is alleged to have provided Defendant or the Florida Secretary of State (see ¶20 and Section III of this memorandum) any prior notice of NVRA violations. To the contrary, Plaintiffs' complaint notes explicitly that during the election contest giving rise to this suit, "Candidate West brought no federal claims under 42 U.S.C. 1974 [sic] or the NVRA." Any attempt by Plaintiffs to adopt a constructive notice argument of the type Plaintiff True the Vote advanced in the 2012 case of *Judicial Watch, Inc. v. King*, for example—namely, that notice was proper if sent by another party under the NVRA, therefore putting the defendant on general notice that violations were alleged—is here inapposite. *See* Case No. 1:12-cv-800-WTL-TAB (S.D. Ind. Dec. 10, 2012).

20. Plaintiffs' notice, as described in their complaint, is deficient not only because it was untimely in relation to the February 3 commencement of this action. Plaintiffs also failed to direct the notice to the correct party. By the plain language of Section 11 of the NVRA, the notice must be sent to the "chief election official of the State involved," which under Florida law is the Secretary of State. Fla. Stat. §97.012. Nowhere in Plaintiffs' complaint is notice to the Florida Secretary of State alleged.[3]

21. A plaintiff has failed to state a claim when it lacks statutory standing to bring a cause of action and the provision is not clearly jurisdictional. *Nat'l Council of La Raza*, Case No. 3:12-cv-316-RCJ-VP (D. Nev. Dec. 19, 2012). The NVRA notice provision is non-jurisdictional, and Plaintiffs' failure to satisfy Section 11's notice requirement means they lack statutory standing in this case, mandating judgment on the pleadings in favor of Defendant. *Id*.

---

[2] Counting backward, the 90th day preceding the filing of the suit was November 6, 2012—the date of the 2012 general election. Whether this is by design or coincidence is irrelevant for purposes of Section 11, as illustrated herein.

[3] Plaintiffs' failure to involve the Florida Secretary of State in this action warrants judgment on the pleadings in another substantive regard, *see* Section III infra.

### III.   PLAINTIFFS FAILED TO JOIN A REQUIRED PARTY UNDER FED. R. CIV. P. 19

22. Several federal courts have considered the question of whether state agencies, departments, and subdivisions are proper defendants under the NVRA, or if the only proper defendant under the NVRA is a state's chief election official. While some courts have held that only the chief election official is the proper defendant, and others have found that both the election official and the subordinate agencies are proper parties, no opinion holds *only* the subordinate state actor as proper. That is, under the NVRA, a state's chief election official is a required defendant.

23. In *Judicial Watch v. King*, the district court considered the argument of the Indiana Secretary of State, named as a defendant in a suit brought under the NVRA. The Secretary argued she was an improper defendant, since Indiana law designates another state official as the chief election official. The court held that the Secretary was a proper party, because it was "not convinced that the only proper defendant in a case brought under the NVRA is the designated chief election official." Case No. 1:12-cv-800-WTL-TAB (S.D. Ind. Dec. 10, 2012). By implication, then, the chief election official is always a required defendant.

24. In *Harkless v. Brunner*, the Sixth Circuit Court of Appeals reviewed a related question. In that case, the Ohio Secretary of State argued that her responsibility as Ohio's chief election official, under the NVRA, was merely to coordinate compliance efforts undertaken by various inferior state agencies and county officials. 545 F.3d 445, 451-52 (6th Cir. 2008). Reviewing the language of the NVRA, the court rejected her argument, holding that she was the proper defendant since "the entire Act, including other subsections, speaks in term of state responsibilities; what is noticeably missing is any mention of county, municipal, or other local

authorities." *Id*. The court also pointed to the fact that the NVRA requires notice be sent to the state's chief election official, *see* Part II above, as further proof for its holding: "Requiring would-be plaintiffs to send notice to their chief election official about ongoing NVRA violations would hardly make sense if that official did not have the authority to remedy NVRA violations." *Id*. at 452-53.[4]

25.     Two recent decisions of district courts in New York have reached similar conclusions. In 2003's *United States v. New York*, the district court for the Eastern District of New York held—in an analysis later relied upon by the Sixth Circuit in *Harkless*—that regardless of the culpability of a local government agency, a state's chief election official is a proper defendant under the NVRA.  255 F. Supp. 2d 73, 78 (E.D.N.Y. 2003).  In 2010, the district court for New York's Northern District, relying explicitly on both *Harkless* and the earlier *New York* decision, reached a similar result.  *United States v. New York*, No. 5:04-CV-00428 (N.D.N.Y. March 22, 2010).

26.     Florida's Secretary of State, designated by statute as the state's chief election official, is a required party to Plaintiff's suit under the NVRA.  Because the Secretary was not joined as a defendant, this Court should order joinder (if such request is not rendered moot by judgment on the pleadings in favor of Defendant).  If joinder is deemed not feasible, this Court should enter judgment on the pleadings in favor of Defendant.  Fed. R. Civ. P. 19.

---

[4] The Sixth Circuit notes that "the only case to the contrary"—holding that a state's chief election official was not the proper defendant—was eventually overturned by the Eighth Circuit in *United States v. Missouri*, 535 F.3d 844, 852 (8th Cir. 2008).  *Harkless*, 545 F.3d at 453.

## IV. AFTER DISMISSING PLAINTIFFS' FEDERAL CLAIMS, THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

27. Plaintiffs' complaint alleges Defendant has violated provisions of the Florida Constitution and the Florida Statutes. Complaint at ¶45. Plaintiffs assert this Court has pendent jurisdictions over these claims. Complaint at ¶6.

28. If this Court enters judgment on the pleadings in favor of Defendant on Plaintiffs' federal claims, this Court no longer will have subject-matter jurisdiction over Plaintiffs' state law claim. It is long-established that when federal claims have been dismissed prior to trial, courts should dismiss any remaining state law claims over which supplemental jurisdiction has been asserted. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). This Court should likewise dismiss Plaintiffs' state law claim.

WHEREFORE, Defendant respectfully requests this Court enter a judgment on the pleadings in favor of Defendant, and other relief as set forth above or as is otherwise deemed proper.

Dated: April 15, 2013.

By: **s/ Cynthia G. Angelos**
CYNTHIA G. ANGELOS
Florida Bar No.: 0539058
THE LAW OFFICE OF CYNTHIA G. ANGELOS, P.A.
P.O. Box 9163
Port Saint Lucie, Florida 34985
Telephone:   (772) 252-3000
Facsimile:   (772) 337-2547
E-mail:   cynthia@jangeloslaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was electronically uploaded to the Court's CM/ECF site on this 15th Day of April, 2013, which site will provide electronic service to the following:

J. Christian Adams
Election Law Center, PLLC
11 West Glendale Avenue
Alexandria, VA 22301
adams@electionlawcenter.com

Michael A. Barnett, Esq.
Michael A. Barnett P.A.
P.O. Box. 811471
Boca Raton, FL 33481
michael.barnett1@gmail.com

                                     **s/ Cynthia G. Angelos**
                                     CYNTHIA G. ANGELOS
                                     Florida Bar No.: 0539058
                                     THE LAW OFFICE OF CYNTHIA G. ANGELOS, P.A.
                                     P.O. Box 9163
                                     Port Saint Lucie, Florida 34985
                                     Telephone:   (772) 252-3000
                                     Facsimile:   (772) 337-2547
                                     E-mail:       cynthia@jangeloslaw.com
                                     Counsel for Defendant