IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| TRUE THE VOTE, INC. in its individual, corporate capacity, and PAMELA WOHLSCHLEGEL, | ) ) ) ) |
| *Plaintiffs*, | ) Civil Action No. 2:13-cv-14046-LYNCH ) |
| v. | ) ) |
| GERTRUDE WALKER, St. Lucie County Supervisor of Elections, in her official capacity, | ) ) ) ) |
| *Defendant*. | ) ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION
### TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) and Rule 12(h)(2)(b) should be denied for the reasons set forth in this Response in Opposition.[1]

### STANDARD OF REVIEW

In deciding the Plaintiff's motion, the standard of review is the same as a Rule 12(b) motion. *ThunderWave, Inc. v. Canival Corp.*, 954 F.Supp. 1562, 1563 (S.D.Fla. 1997). In ruling on a Rule 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[1] At the time of filing this response, Plaintiffs represent to the Court that the Plaintiffs expect to file a stipulation and voluntary dismissal very shortly. The parties have reached an agreement to file a stipulation and dismissal and they are in the process of finalizing an agreement as to language of the stipulation.

1

U.S. 662, 678 (2009). The Plaintiff's "pleadings are construed broadly." *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007). "It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible." *Id.* (internal citations omitted).

## FACTUAL ALLEGATIONS

This is an action seeking to review election records and public information pursuant to rights contained in 42 U.S.C. § 1973gg-6(i)(1). Complaint ¶ 1. Attempting to exercise these rights, Plaintiffs made numerous requests to the Defendant to physically inspect a variety of election records pursuant to federal law. Complaint ¶ 26. Plaintiffs provided the Defendant notice that if an inspection was not forthcoming, that Plaintiffs would bring an action under Section 8 of the NVRA. Complaint ¶ 26. Plaintiffs made repeated requests to inspect the records requested. After weeks of not being permitted to inspect the records after a December 18, 2012 request, Plaintiffs made multiple requests to inspect the records, none of which were granted. Plaintiffs requested access to the requested records for a January 28, 2013, inspection. Defendant never responded that Plaintiffs may inspect the requested election records. Complaint ¶ 26. Plaintiffs were never allowed to conduct a physical inspection of election records. Complaint ¶ 26.

### I.   PLAINTIFFS' NOTICE WAS ADEQUATE.

Defendant challenges this Court's standing to hear this dispute, claiming that Plaintiffs' notice to Defendant was not adequate because it was not timely and was not directed to the Florida Secretary of State. Defendant's two arguments are without merit, first, because the Defendant refused to allow an inspection of the election records, thus ripening this case and vesting jurisdiction, and second, because Defendant's statutory interpretation that the National

Voter Registration Act ("NVRA") requires the involvement of state election officials in all disputes and does not attach individual liability to local custodians of election records is simply wrong.

### a. Defendant Repeatedly Refused to Permit Inspections of Records

This case is ripe, and jurisdiction is proper, because the Defendant repeatedly denied access to the requested election records. Plaintiffs first sought election records through a December 18, 2012 request, a request which Defendant acknowledged but never granted. After multiple written requests for the information over the ensuing weeks, none of which were granted, Plaintiffs informed Defendant that they wished to inspect the election records on January 28, 2013. That request was never granted, and indeed, Defendant never even responded to the request for the January 28, 2013, inspection. The date for the inspection passed without any response whatsoever from the Defendants. The repeated refusal to provide records, or even to respond to a request for an inspection served as both a constructive and literal denial to Plaintiffs' notice letter, thus ripening this dispute.

At best for the Defendant, a factual question exists regarding the constructive and literal denial of the Plaintiffs' request. While Defendant claims that the records were "made available" prior to filing of this case, (Answer at ¶ 52), Plaintiff vehemently disputes Defendant's factual assertion.

Once the Defendant refused the request to inspect election records, this case is properly before this Court notwithstanding notice provisions of 42 U.S.C. § 1973gg-9(b). A plaintiff need not wait weeks or months to seek relief in court after an election official refuses access to election records. If accepted, Defendant's position would also have the practical effect of seeing

this case dismissed and a complaint immediately refiled afterwards. If the notice period had not expired when this complaint was filed, as Defendant argues, it certainly has by now. Notably, Defendant still has not provided the requested election records to the Plaintiffs.[2]

### b. Actions Under the NVRA May be Brought Against Local Officials and Notices May be Directed Toward Them Alone.

The NVRA imposes obligations on both state and local officials. Failing to comply with these obligations gives rise to a cause of action against either a state or local election official, depending who is the most appropriate party. This particular case seeks election records solely in the custody of a local official, the Defendant, and entirely unrelated to a state official, the Florida Secretary of State. Notices sent under the NVRA should be directed to the offending official who has the power to remedy the offense. In a request for election records, the sole official with the power to remedy the failure to provide public election records is the Defendant, not the Secretary of State. Therefore, the Defendant is the most appropriate party to receive notice. The Secretary of State is not the custodian of records sought by the Plaintiffs.

The NVRA imposes obligations on local officials, including the Defendant, to maintain accurate voter rolls and comply with NVRA. 42 U.S.C. § 1973gg-6(d)(3) imposes an obligation on local election officials that is concurrent with, or exceeds, obligations imposed on state officials under the NVRA. It states: "A voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection." 42 U.S.C. § 1973gg-6(d)(3). The "subsection" referred to in § 1973gg-6(d)(3) refers to state obligations to maintain accurate voter rolls.

---

[2] Again, the parties have agreed to enter a stipulation and voluntary dismissal and the Plaintiff has been shown the physical location of the records to be made available subsequent to a settlement in this case. But as of now, no records have been provided.

42 U.S.C. § 15483(a)(2)(A) also imposes concurrent obligations on local election officials as it relates to election administration requirements under the NVRA and the utilization of the statewide database required by 42 U.S.C. § 15483.  The private right of action in 42 U.S.C. § 1973gg-9(b) underlying this case is first and foremost a right designed to determine if a state or local "voting registrar" is complying with federal obligations to properly administer federal elections.

Defendant relies entirely on the omission of the words "voting registrar" or "local election official" from the notice provisions of 42 U.S.C. § 1973gg-9(b), claiming that notice must be sent to the state election official.  Given the concurrent obligations on local officials throughout the NVRA, and given the fact that only the Defendant is the custodian of election records sought, Defendant proffers an absurd interpretation of the notice provisions of 42 U.S.C. § 1973gg-9(b).  Throughout the NVRA, concurrent obligations on local election officials are imposed by 42 U.S.C. § 1973gg-6(d)(3) and other statutes.  The NVRA does not inventory in every instance the list of obliged parties, as it also does not do in the notice provisions of  § 1973gg-9(b).  Nevertheless, even if "local official" or "voter registrar" is not listed as obliged party in every section under the NVRA, the NVRA unquestionably obligates local officials, including Defendant, to comply with the terms, including making election records available for a public inspection.

Defendant's interpretation of the proper party to receive notice is overly narrow and incorrect. Defendant's interpretation of the statute would misdirect notices away from the party most responsible for compliance with the particular provision of the NVRA (local custodians of records) and toward parties which have nothing to do with maintaining records (the state).

The district court in another NVRA case, *Project Vote v. Long*, 752 F.Supp.2d 697, (E.D. Va. 2010), *aff'd*, 682 F.3d 331, (4th Cir.2012), refused to apply an absurd result in interpreting the language of the NVRA.

> Under a plain meaning analysis, the court will not apply a statute's plain meaning when it would frustrate the statute's purpose or lead to an absurd result. . . [the stated purposes of the NVRA include] (3) to protect the integrity of the electoral process; and (4) to ensure that accurate and current voter registration rolls are maintained. Reading these purposes together, it is evident that the last identified purpose of the statute is dependent upon, and is the culmination of, the fulfillment of the other purposes of the statute.

*Id.*, at 709-710 (internal citations omitted).

In *Project Vote v. Long*, 752 F.Supp.2d 697, (E.D. Va. 2010), the local registrar was found to be subject to the record keeping obligations of the NVRA. In *Project Vote*, the plaintiff initially sent a public information request for election records to the local election official. After the local election official refused to provide the information, the state election official, *sue sponte*, sent a communication to plaintiff agreeing with the denial. *Id.* at 699-700. Thereafter, plaintiff asked the state to amend state guidelines which formed the basis of the denial of the plaintiff's request. *Id*. at 700.

> In this case at bar, as in Public Citizen and Akins, the NVRA provides a public right to information. There is no dispute that the plaintiff has been unable to obtain the Requested Records, which, in its view of the law, the NVRA requires the defendants to make publicly available. Moreover, the NVRA specifically provides a private right of action to any person who is aggrieved by a violation of the Public Disclosure Provision.

*Id.* at 703. The Defendant's interpretation of the NVRA, that notice letters should be directed to a state official who has no control over the records sought, even when the local official is the custodian of the records, and when no state policies regarding the information are challenged, should be rejected.

6

## II. State Election Official are not a Necessary Party in a NVRA Case for Records

### a. Secretary of State is not Required to be Joined Under the Rule 19.

Defendant asserts in her motion that the Florida Secretary of State is a required party pursuant to Fed.R.Civ.P 19, and that the Plaintiffs failed to join the Secretary of State in their complaint. Rule 19 states in part:

> (a) Persons Required to Be Joined if Feasible. (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord **complete relief** among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter **impair or impede the person's ability to protect the interest**; or (ii) leave an existing party subject to a substantial risk of **incurring double, multiple, or otherwise inconsistent obligations** because of the interest.

(emphasis added.)

Florida law places primary responsibility of updating, preserving, and maintaining voter registration information and list maintenance procedures with the local county supervisor of elections. The records sought by the Plaintiffs in their complaint are in the custody and control of the defendant, the St. Lucie County Supervisor of Elections. *See* Fla. Stat. Section 98.015, which states in pertinent part:

> (3) The supervisor shall update voter registration information, enter new voter registrations into the statewide voter registration system, and **act as the official custodian of documents received by the supervisor related to the registration of electors and changes in voter registration status of electors of the supervisor's county**….(5) The supervisor shall preserve statements and other information required to be filed with the supervisor's office pursuant to chapter 106 for a period of 10 years from date of receipt….(10) Each supervisor shall ensure that all voter registration and list maintenance procedures conducted by such supervisor are in compliance with any applicable requirements prescribed by …the National Voter Registration Act of 1993…(12) Each supervisor shall maintain a list of valid residential street addresses… (Emphasis added)

The Florida Secretary of State therefore is not required to be joined because per Florida law he does not have custody of the records for which the Plaintiff seeks access. Furthermore, to date, the Florida Secretary of State has not made a claim of interest in this subject action. This Court can accord complete relief to the Plaintiffs, by compelling the Defendant to provide access to the election records at issue, without joining another uninterested party.

### b. Defendant Has Obligation to Comply with the Public Information Provisions of the NVRA and Secretary of State is Not a Necessary Party.

Defendants rely on *Harkless v. Brunner,* 545 F. 3d 445 (6th Cir. 2008)*, and Judicial Watch v. King*, Case No. 1:12-cv-800-WTL-TAB (S.D. Ind. Dec. 10, 2012), to support the Defendant's motion. Elections administration in Florida has many offices with various roles, and the NVRA recognizes that both state and local officials have obligations under the NVRA. The case before this Court implicates only obligations of the local election official.

In *Judicial Watch v. King*, the Indiana Secretary of State argued that she was an improper defendant. The district court in that case refused to decide whether a state election entity was a proper party defendant or what the actual role of the Indiana Secretary of State was in implementing the relevant provisions of the NVRA, stating only that a state's chief election official was a "proper" party and said nothing to whether it was a "required" party under Fed.R.Civ.P. 19.

In the present case, Defendant incorrectly concludes that "the chief election official is always a required defendant," an assertion that is unsupported by the court's ruling in *Judicial Watch*. Furthermore, even if this Court were to agree with the Defendant's claim that the Florida's chief election official is a "required" defendant and interested person in a case merely seeking election recrods from the local custodian of records, the Court would still have authority

to decide this matter between the already joined parties. *See* Fed.R.Civ.P. 19 advisory committee's notes (1966) ("Even if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process.")

*Harkless v. Brunner*, cited by the Defendant, is distinguishable from the instant case in that the court took up the issue of whether the Secretary of State of Ohio was required to be held responsible for implementing Section 7 of the NVRA, which is designed specifically "to increase the registration of the poor and persons with disabilities who do not have driver's licenses and will not come into contact with the other principal place to register under this Act…" *Harkless v. Brunner,* 545 F. 3d 445 (6th Cir. 2008). The present case deals instead with Section 8 of the NVRA, requiring states to maintain and provide access to public voter registration records. And like *Judicial Watch v. King*, *Harkless* speaks only to the responsibilities of the State election officer in relation to local/county election officers. None of the cases cited by the Defendant reach the conclusion that the state officer is a necessary and indispensable party under Fed.R. Civ.P. 19.

*Judicial Watch v. King* was a case where the plaintiffs, including True the Vote, alleged massive failure by state officials to maintain voter rolls at a state level. Of course all state election officials would naturally be proper party defendants in a case alleging failure to maintain the voter rolls, a claim not brought here.

In this case, Plaintiffs merely allege a local election official did not provide public information under the NVRA. Naturally, the custodian of those records is the proper party defendant. The NVRA does not command a plaintiff to sue every official with a function tangential to an election and Defendant's interpretation to the contrary should be rejected.

The cases Defendant relies upon to establish that the state is a necessary party involve a cause of action which has nothing to do with the cause of action before this Court. All three of those cases alleged that the defendants failed to properly maintain the voter rolls. Plaintiffs here have not yet reached the conclusion that Defendants are failing to comply with list maintenance obligations under NVRA. If, and when, Plaintiffs believe a cause of action may lie for failing to properly maintain the voter rolls, then the state may well be a necessary party. For now, in this cause of action, Defendant's motion is misplaced.

### III. Defendants Must Maintain Election Records Under Multiple Federal Statutes.

The case cited by the Defendant, *Bursey v. S. Carolina State Election Comm'n*, Case No. 3:10-1545-CMC (D. S.C. Oct. 4, 2010), can be distinguished from the instant case. In Bursey, the Plaintiff's only claims brought were pursuant to 42 U.S.C. 1974. The plaintiff never brought any related claims in that case under Section 8 of the NVRA, which does allow for a private right of action. In the instant case, in order to protect the Plaintiff's rights under Section 8 to inspect the federal election records at issue, Plaintiff has asked for an injunction merely ordering Defendant to comply with federal law.

However, even if the Court rules that no private right of action exists under 42 U.S.C. 1974, the NVRA provides a similar maintenance obligation. Indeed, 42 U.S.C. § 1973gg-6(i) states that the election officer "**shall maintain for at least 2 years** and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." Plaintiffs have brought this action under 42 U.S.C. § 1973gg-6(i) and it is within this Court's power to order Defendant to comply with the preservation obligations in the law.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendant's request for judgment on the pleadings and grant Plaintiffs any and all other relief deemed just and appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was electronically uploaded to the Court's CM/ECF site on this 30th Day of April, 2013, which site will provide electronic service to the following:

Cynthia G. Angelos
The Law Office of Cynthia G. Angelos, P.A.
P.O. Box 9163
Port Saint Lucie, Florida 34985
cynthia@jangeloslaw.com

For Plaintiffs:
 /s/Michael A. Barnett
Michael A. Barnett
Fla. Bar No.: 40635
MICHAEL A. BARNETT, P.A.
P.O. Box 811471
Boca Raton, Florida 33481
(561) 715-7833
(561) 431-0328
michael.barnett1@gmail.com

J. Christian Adams
ELECTION LAW CENTER, PLLC.
300 N. Washington Street, Ste. 405
Alexandria, Virginia 22314
(703) 963-8611
(703) 740-1773
adams@electionlawcenter.com